**AFFIRM; Opinion Filed January 16, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00232-CV

**TABITHA COFFIN AND MICHAEL HOOPER, Appellants**

**V.**

**BANK OF OKLAHOMA, N.A., Appellee**

**On Appeal from the County Court at Law No. 5**
**Collin County, Texas**
**Trial Court Cause No. 005-02088-2012**

## MEMORANDUM OPINION

Before Justices Moseley, Bridges, and Evans
Opinion by Justice Moseley

Tabitha Coffin and her lawyer, Michael Hooper, appeal an adverse judgment against Coffin and sanctions awarded against them both in favor of Bank of Oklahoma, N.A. (BOK). In three issues, Coffin argues the trial court erred by awarding damages that exceeded the amount requested in BOK's live pleadings, by awarding attorney's fees to BOK, and by awarding sanctions against Coffin. In a single issue, Hooper argues the trial court erred by awarding sanctions against him. The background of the case and the evidence adduced below are well known to the parties; thus, we do not recite them here. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

BOK acquired the property where Coffin lived at a foreclosure sale. After Coffin failed to vacate the premises, BOK commenced eviction proceedings. The trial court awarded

possession of the property to BOK and Coffin appealed to the county court at law. The county court at law conducted a jury trial and the jury returned a verdict favorable to BOK. The trial court entered judgment in favor of BOK, which included awards of possession of the property to BOK, damages, and attorney's fees.

Coffin filed a motion for judgment notwithstanding the verdict and motion for new trial. BOK filed its response and requested sanctions. The trial court denied Coffin's motions and levied sanctions against appellants. This appeal followed. Although our record includes a clerk's record, no reporter's record was filed.

In her first and second issues, Coffin argues the amount of damages awarded to BOK exceeded the amount requested by BOK in its live pleadings and the trial court erred by awarding attorney's fees to BOK. Coffin asserts the "trial court erred in applying TEX. R. CIV. P. 301 in awarding damages and TEX. PROP. CODE § 24.006 and TEX. R. CIV. P. 752 in awarding attorney's fees." The record does not show that Coffin raised these complaints at the trial court; thus, she did not preserve them for appellate review. *See* TEX. R. APP. P. 33.1.

In Coffin's third issue, and Hooper's sole issue, they argue the trial court erred by sanctioning them. Again, the record does not show that Coffin or Hooper complained to the trial court about the sanctions. Therefore, they have not preserved their issues for appeal. *See* TEX. R. APP. P. 33.1; *see also Ganter v. Alpha Testing, Inc.*, No. 05-10-01228-CV, 2012 WL 2584836, at *2. (Tex. App.—Dallas July 5, 2012, no pet.) (mem. op.).

We affirm the trial court's judgment.

130232F.P05

/Jim Moseley/
_____
JIM MOSELEY
JUSTICE

–2–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TABITHA COFFIN AND MICHAEL
HOOPER, Appellants

No. 05-13-00232-CV          V.

BANK OF OKLAHOMA, N.A., Appellee

On Appeal from the County Court at Law
No. 5, Collin County, Texas
Trial Court Cause No. 005-02088-2012.
Opinion delivered by Justice Moseley.
Justices Bridges and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee Bank of Oklahoma, N.A. recover its costs of this appeal
from appellants Tabitha Coffin and Michael Hooper.

Judgment entered this 16th day of January, 2014.

/Jim Moseley/
JIM MOSELEY
JUSTICE